**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**SLEP-TONE ENTERTAINMENT**
**CORPORATION,**

    **Plaintiff,**

v.                                                      Case No.  8:12-cv-1440-T-30EAJ

**NORMA DUNN,**

    **Defendant.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Plaintiff's Motion for Default Judgment (Dkt. 11) and Defendant's Response (Dkt. 12).  The Court, having considered the motion, response, and being otherwise advised of the premises, concludes that the motion should be denied.

This is an action for trademark infringement involving counterfeiting and unfair competition under the Trademark Act of 1946, as amended, and for violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), arising from Defendant's alleged piracy of and counterfeiting of karaoke accompaniment tracks belonging to Plaintiff.  On September 6, 2012, a Clerk's Default was entered against Defendant Norma Dunn, for her failure to answer or otherwise appear in this case.  Plaintiff now moves for a default judgment against Dunn.  Plaintiff seeks statutory damages against Dunn in the amount of

$50,000. Plaintiff also seeks a permanent injunction against Dunn and seizure of Dunn's computer hard drives containing the unauthorized copies of Plaintiff's karaoke tracks.

Dunn, who is proceeding in this case *pro se*, filed a response to Plaintiff's motion for default judgment.[1] Dunn states that, after she was served with the complaint, she and her husband, Scott Dunn, were in contact with Plaintiff's counsel and participated in an audit. It appears that Dunn mistakenly assumed that said participation constituted her response to the complaint in this action. Dunn states that she has been waiting for the results of the audit and has not had any additional contact with Plaintiff's counsel. Dunn seeks "dismissal of the lawsuit" and the $625 she provided to Plaintiff's counsel for the costs of the audit.

Upon consideration of the circumstances of this case, the Court concludes that the Clerk's Default should be vacated against Dunn and Dunn should be provided an opportunity to file a response to the pending complaint within fourteen (14) days of this Order. To be clear, Dunn's response shall be <u>filed with this Court</u> and served upon Plaintiff's counsel. The response should also comply with the Federal Rules of Civil Procedure.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Motion for Default Judgment (Dkt. 11) is DENIED.

2. The Clerk's Default against Defendant Norma Dunn is hereby VACATED.

---

[1] The response is actually signed by her husband, Scott Dunn, who is not a party to this action.

3. Defendant Norma Dunn shall file a response to the Complaint (Dkt. 1) within fourteen (14) days of this Order.  If Dunn fails to file a response by that time, Plaintiff may re-file its Motion for Default Judgment.

**DONE** and **ORDERED** in Tampa, Florida on November 6, 2012.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2012\12-cv-1440.mtdj.frm